## BIRD *vs.* STYLES.

Where a bill is filed for relief upon an alleged agreement, and the answer denies such agreement, the complainant must prove it by two witnesses, or evidence equal to two witnesses.

*Mr. J. V. Voorhees,* for complainant.

*Mr. B. Williamson,* for defendant.

THE CHANCELLOR.

The object of this suit is to set aside a sale of the complainant's lands, made to the defendant, and to compel a reconveyance of the same. The sale was made by the sheriff of Somerset, by virtue of an execution upon a judgment obtained in the Somerset circuit against the complainant, by Isaac Bird, for four hundred and fifty-nine dollars and fifty-seven cents, on the thirteenth day of October, 1859. A deed was given by the sheriff, and the defendant, Styles, obtained possession by ejectment.

The complainant, in his bill, alleges that the defendant conducted the suit in the Circuit Court for Isaac Bird, on an agreement that he, Styles, was to be at the trouble and expense of the suit, and was to receive half of what might be recovered ; that after judgment, he paid Styles one hundred dollars on the judgment, upon an agreement that there should be no sale, but that he should give security for the residue of the judgment, and that the judgment should then be as-

signed to him; that after this agreement, he arranged with one Compton to advance the money for him, but the defendant interfered with Compton, and he declined to advance the money; that he, the .complainant, arranged with his brother, David Bird, to buy the property for him, but the defendant, a few days before the sale, told David Bird that the sale would be put off or would not take place, and David did not attend, and the defendant, at the sale, bought the property for four hundred and seventy-five dollars, the same being worth much more than that sum; that after the sale he asked Styles if he would carry out his bargain with him; Styles agreed to do it, and told him to go on with the completion of his house; and that on this assurance, he went on and spent fifty dollars in completing his house.

The defendant, in his answer, denies that he made any such bargain with the complainant, or any bargain at all, otherwise than agreeing to take the money in payment of the judgment.

The complainant, after this responsive denial, is bound to prove the agreement by two witnesses, or evidence equal to two witnesses. He fails to do it. There is no direct proof of it except the complainant's own testimony, and his testimony as to the agreement is vague, uncertain, contradictory, and variant from the agreement alleged in the bill; and the proof in support of any agreement, outside of the complainant's testimony, is trifling and indirect. It is impossible, from the evidence in the case, to select any that amounts to the testimony of two witnesses, in support of an agreement at all; and there is no testimony that satisfies me, independent of the denial in the defendant's answer, that there was any agreement at all. I mean an agreement of a fixed character, such as if it was reduced to writing, could be enforced at law or in equity.

If there had been any agreement, it is proved that the complainant told the defendant just before the sale that he could not raise the money within a year, and he might as well go on. This is distinctly sworn to by two witnesses, be-

Bird *v.* Styles.

sides the defendant. The complainant denies it; but the weight of testimony is against him. The fact that the complainant, after this sale, was quiet for two or three years, suffered an ejectment suit to dispossess him, and filed no bill, though not a bar to this suit, seems to me to be a strong circumstance against the credibility of his whole story.

The fact shown in the testimony of the complainant himself, that before the judgment obtained by Isaac Bird against him he had conveyed these lands to his father, John G. Bird, and that John G. Bird had conveyed them to a daughter of the complainant, would be a bar to any relief for the complainant in this suit. It is a difficulty that cannot be avoided by amendment. And if it is true, as sworn to by the complainant, that the conveyance by him was for the purpose of defeating Isaac Bird in the recovery of his debt, no suit could be maintained in this court by any grantee under such conveyance.

As the suit stands, a decree against Styles for a re-conveyance would be of no benefit to the complainant, as Styles, before the bill was filed, had conveyed the property away. The deed was not recorded until after the bill was filed. But the registry acts do not provide for this case. They only make an unrecorded deed void as against a subsequent purchaser, mortgagee, or judgment creditor, not as against the complainant in a suit in equity. And it is held not to be void as against an attachment creditor, if recorded before final judgment in the suit.

An amendment of the bill in this respect would be of no avail, unless better evidence could be produced of notice to the purchaser, than is now in the cause.

The complainant's bill must be dismissed with costs.